NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

CORRINA I. McCORD,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-10982
Trial Court No. 3PA-10-1743 CR

O P I N I O N

No. 2537 — February 3, 2017

Appeal from the District Court, Third Judicial District, Palmer, William L. Estelle, Judge.

Appearances: Callie Patton Kim, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Mary A. Gilson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley, District Court Judge.[*]

Judge MANNHEIMER.

Corrina I. McCord appeals her conviction for driving under the influence. McCord's blood alcohol level was not over the statutory limit, but testing of McCord's

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

blood showed that she had four different medications in her blood when she was driving. These medications were tramadol (a pain medication sold under the name Ultram, among others) and three members of the benzodiazepine family: quetiapine (also known as Seroquel), clonazepam, and 7-aminoclonazepam (a clonazepam metabolite, which is itself a separate benzodiazepine).

McCord was charged with violating the first subsection of Alaska's DUI statute, AS 28.35.030(a)(1). This provision forbids a person from operating a motor vehicle if they are "under the influence of an alcoholic beverage, intoxicating liquor, inhalant, *or any controlled substance*, singly or in combination". (Emphasis added.) Even though McCord's blood showed the presence of four medications, only one of these medications — clonazepam — is a "controlled substance" under state or federal law. [1] Thus, the State needed to prove that McCord was under the influence of clonazepam.

In this appeal, McCord argues that the district court violated her Sixth Amendment right of confrontation by allowing the State to prove the presence of clonazepam through hearsay testimony. For the reasons explained here, we agree that McCord's right of confrontation was violated, and we therefore reverse McCord's conviction.

*Underlying facts, and the district court's ruling*

At McCord's trial, the State established the presence and the concentrations of the four substances in McCord's blood through the testimony of Lisa Noble, a forensic toxicologist employed as an analyst at the Washington State Toxicology Lab.

---

[1]  *See* AS 11.71.170(b)(5).

Noble conducted the initial drug screening of McCord's blood sample, and she performed the specific test that confirmed the presence (and the concentration) of the tramadol. But another analyst, Sarah Swenson, performed the test that confirmed the presence and concentrations of the three benzodiazepines in McCord's blood — including the clonazepam. (Swenson performed this testing because Noble was not certified to conduct the benzodiazepine test.)

Because Noble was the primary analyst assigned to McCord's case, she reviewed Swenson's test results, and she compiled the final lab report. This final report included the results of Swenson's testing for benzodiazepines. In particular, Noble's final report recited Swenson's findings regarding the presence and concentration of clonazepam in McCord's blood.

At McCord's trial, when the prosecutor indicated that Noble would testify about Swenson's findings, McCord's attorney objected that Noble should not be allowed to testify about the clonazepam in McCord's blood, or about any of the other results of the benzodiazepine testing conducted by Swenson. The defense attorney argued that, because Swenson had done the testing, he was entitled to cross-examine Swenson about her findings.

McCord's attorney specifically relied on the United States Supreme Court's decision in *Melendez-Diaz v. Massachusetts*, a case where a defendant was charged with trafficking cocaine.[2] In *Melendez-Diaz*, the Supreme Court ruled that, under the confrontation clause of the Sixth Amendment, the government was required to present live testimony from the laboratory technician who tested the substance at issue and concluded that it was cocaine.

---

[2]    557 U.S. 305, 310-11; 129 S.Ct. 2527, 2532; 174 L.Ed.2d 314 (2009).

But the trial judge concluded that *Melendez-Diaz* was distinguishable from McCord's case. The judge noted that, in *Melendez-Diaz*, the government was trying to prove the presence of a particular substance (cocaine). According to the trial judge, McCord's case was different because the State's task was not to prove the *presence* of any specific substances, but rather to prove that McCord was *under the influence of* controlled substances. Thus, the judge reasoned, the presence and concentrations of the various substances in McCord's blood was simply the underlying data that would provide the basis for Noble's opinion as to whether McCord was impaired when she drove the motor vehicle.

Relying on this analysis, the district court overruled McCord's confrontation clause objection and decided that Noble could properly testify about all of the test results described in her lab report — including the results of the testing performed by Swenson, which showed the presence and the concentration of clonazepam in McCord's blood.

*Why the district court's ruling violated McCord's right of confrontation*

To prove that McCord was guilty of driving under the influence as defined in AS 28.35.030(a)(1), the State had to show not only that McCord was impaired, but more specifically that her impairment was a direct result of her ingestion of "an alcoholic beverage, intoxicating liquor, inhalant, or any controlled substance, singly or in combination". *See Adams v. State*, 359 P.3d 990, 994 (Alaska App. 2015).

Of the various medications detected in McCord's blood, the only controlled substance was the clonazepam. Thus, the State was required to prove that McCord's impairment was a direct result of her ingestion of clonazepam.

Swenson performed the testing that detected clonazepam in McCord's blood. Noble was aware of the clonazepam only because Swenson's lab report described her test results. For this reason, *Melendez-Diaz* controls, and McCord's attorney was entitled to cross-examine Swenson regarding the presence and concentration of clonazepam in McCord's blood.

Accordingly, the district court erred when it allowed the State to introduce this evidence through Noble's testimony, and we must reverse McCord's conviction because of this error.

*McCord's motion for a judgement of acquittal*

During the trial, McCord asked the court to grant her a judgement of acquittal. McCord argued that even if the State validly introduced evidence of the presence and level of clonazepam in her blood, the State's proof of the crime charged (driving under the influence) was still legally deficient. The trial judge denied this motion, and on appeal McCord renews her attack on the sufficiency of the State's evidence.

There are two aspects to McCord's argument.

McCord first argues that the State failed to present any evidence that the concentration of clonazepam found in her blood was capable of impairing her capacity to drive safely.

As we have explained, under Alaska's DUI statute, the State must prove that the driver was impaired *and* that this impairment was a direct result of ingesting alcoholic beverages, inhalants, or controlled substances. Of the four drugs found in McCord's body, only one of them — the clonazepam — was a controlled substance.

McCord asserts that the evidence presented at her trial was legally insufficient to prove that the amount of clonazepam in her blood was capable of impairing her. This assertion is mistaken; the State *did* present evidence that the level of clonazepam found in McCord's blood was capable of impairing a person's ability to drive.

Specifically, Noble testified that clonazepam affects the central nervous system in ways quite similar to alcohol: a person on clonazepam may exhibit slurred speech, difficulty with balance and walking, double vision, loss of finger control, and impaired judgement. Noble also testified that the concentration of clonazepam found in McCord's blood was within the therapeutic range for that drug, and that therapeutic levels of clonazepam are sufficient to cause impairment. Although Noble declined to offer an opinion as to whether McCord was in fact impaired at the time of her driving, Noble testified that the symptoms of impairment which the police observed in McCord when they stopped her vehicle were consistent with the side effects of benzodiazepines.

Because of Noble's testimony on these subjects, the State's case was legally sufficient to support a verdict that McCord was impaired as a result of her ingestion of clonazepam. This remains true even though Noble should not have been allowed to testify about the presence of clonazepam in McCord's blood.

Both the United States Supreme Court and this Court have held that, even in cases where a portion of the government's evidence should have been excluded from a defendant's trial, an appellate court must still consider the entirety of the government's evidence — including the portion that should have been excluded — when the appellate court assesses the legal sufficiency of the evidence to support the verdict.

*See Lockhart v. Nelson,* 488 U.S. 33, 39-41; 109 S.Ct. 285, 290-91; 102 L.Ed.2d 265 (1988); *Langevin v. State*, 258 P.3d 866, 873-74 (Alaska App. 2011); *Houston-Hult v. State*, 843 P.2d 1262, 1265 n. 2 (Alaska App. 1992). In general, see

LaFave, Israel, King, and Kerr, *Criminal Procedure* (4th ed. 2015), § 25.4(c), Vol. 6, pp. 841-45.

In other words, even if particular evidence should have been excluded from the defendant's trial, and even if the government's remaining evidence was insufficient to support the defendant's conviction, the double jeopardy clause does not bar the government from retrying the defendant if the *entire* evidence (including the evidence that should have been kept out of the trial) was sufficient to support the defendant's conviction. *Lockhart,* 488 U.S. at 39-40, 109 S.Ct. at 290.

The reason for the *Lockhart* rule is that, had the State known that a portion of its intended evidence was inadmissible, the State might have restructured its presentation to compensate for the unavailability of this evidence. [3] In McCord's case, for instance, the record shows that the prosecutor had made tentative arrangements to bring both Noble and Swenson to Alaska to testify, and that the prosecutor refrained from bringing Swenson to Alaska only after the district court ruled that Noble would be allowed to testify concerning all aspects of the Washington State Toxicology Lab's testing (including Swenson's test results).

We therefore conclude that the State's evidence was sufficient to allow the jury to conclude that the amount of clonazepam in McCord's blood was capable of impairing her.

The second aspect of McCord's argument for a judgement of acquittal is her claim that, even if the State's evidence was sufficient to show that the amount of clonazepam found in McCord's blood could have impaired her ability to drive, the State nevertheless failed to prove that McCord's impairment was due solely to the clonazepam,

---

[3]   *See Lockhart*, 488 U.S. at 42, 109 S.Ct at 291-92.

as opposed to the other drugs found in McCord's blood (drugs that were not controlled substances) and her unrelated physical condition at the time (*e.g.*, her emotional state).

When the trial judge addressed this argument at McCord's trial, he correctly perceived that the argument was not really an attack on the sufficiency of the State's evidence, but was rather an argument about the law of causation.

As we have explained, the State presented sufficient evidence to justify the conclusion that McCord was impaired as a result of her ingestion of clonazepam. But McCord argues that even if the clonazepam in her body could have impaired her ability to drive, the State nevertheless was required to prove that her impairment was due *solely* to the clonazepam.

This contention is incorrect. As this Court explained in *Adams v. State*, 359 P.3d 990, 994 (Alaska App. 2015), when a defendant is prosecuted for driving under the influence, Alaska law does not require the State to prove that the alcohol or controlled substances in the defendant's body were the sole cause of the defendant's impairment — only that the alcohol or controlled substances were a "substantial factor" in causing the defendant's impairment. *Ibid.*

Thus, McCord is wrong when she argues that the State was required to show that the other substances in her blood played *no* role in causing her impairment. The jury could properly find that McCord was under the influence of clonazepam even if the jurors believed that the other substances in her blood, or her unrelated physical condition, also contributed in some manner to her impairment, so long as the jurors were convinced that McCord's ingestion of clonazepam was a substantial factor in causing her impairment.

Accordingly, the trial judge correctly denied McCord's motion for a judgement of acquittal.

*Conclusion*

McCord's conviction is REVERSED, but McCord can be retried.